# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

KENNETH E. COOPER,

       Plaintiff/Counterclaim-Defendant,

v.                                                Civ. No. 1:24-504 MIS/GJF

CITY OF GALLUP, NM, JM DEYOUNG,
LOUIE BONAGUIDI, and
MICHAEL SCHAAF,

       Defendants/Counterclaimant,

and

REACHING HIGHER SOLUTIONS, LLC,
a/k/a REACHING HIGHER HR SOLUTIONS, LLC,
d/b/a MERCER GROUP ASSOCIATES,

       Additional Counterclaim-Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
## ON MOTION TO DISMISS OF
## DEFENDANTS DEYOUNG, BONAGUIDI, AND SCHAAF[1]

THIS MATTER is before the Court on the Motion to Dismiss of Defendants JM DeYoung,
Louie Bonaguidi, and Michael Schaaf (the "Motion"), filed October 15, 2024. ECF 19–20. The
Motion is fully briefed. *See* ECFs 43, 51. For the reasons that follow, the Court **RECOMMENDS**
that the Motion be **GRANTED** and Plaintiff's claims against Defendants DeYoung, Bonaguidi,
and Schaaf be **DISMISSED WITH PREJUDICE**.[2]

## I.      BACKGROUND

On September 13, 2024, Plaintiff filed his Amended Complaint, asserting claims against

---

[1] The undersigned files this Proposed Findings and Recommended Disposition ("PFRD") pursuant to the presiding
judge's Order of Reference filed April 1, 2025. ECF 54.

[2] Neither the Motion nor this PFRD affects Plaintiff's claims against the City of Gallup.

his former employer, the City of Gallup ("the City"), and three individuals he describes as "officials and/or employees of the City." ECF 16 ¶ 3. In the previous iteration of his complaint, Plaintiff identified JM DeYoung as the City Manager, Louie Bonaguidi as the Mayor, and Michael Schaaf as the City Councilor.[3] ECF 1 at 2. Without specifying whether his claims are asserted against DeYoung, Bonaguidi, and Schaaf in their individual or official capacities, Plaintiff alleges that they discriminated against him on the basis of race and age in violation of two federal statutes: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. § 623 ("ADEA"). ECF 16 ¶¶ 9–10. According to Plaintiff, each of the individually-named Defendants was aware of abuse and harassment to which he was subject while employed as the City's Director of Human Resources but failed to correct it. *Id*. ¶¶ 22–23. Plaintiff further alleges that, upon learning "that Plaintiff had opposed unlawful employment practices with other employers," Defendant DeYoung terminated his employment "in retaliation for his protected activity with regard to other employers." *Id*. ¶ 24.

## II.    APPLICABLE LAW

A Rule 12(b)(6) motion prompts a court to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citation omitted). When ruling on such a motion, a court accepts "all well-pleaded factual allegations in the complaint" and construes them "in the light most favorable" to the plaintiff. *Doe v. Sch. Dist. No. 1, Denver, Colo.*, 970 F.3d 1300, 1305 (10th Cir. 2020) (citation omitted).

Courts should be hesitant to dismiss a claim with prejudice under Rule 12(b)(6) and should err on the side of allowing a plaintiff to amend. *Seale v. Peacock*, 32 F.4th 1011, 1029 (10th Cir.

---

[3] In his briefing on the Motion, he identifies DeYoung as *Interim* City Manager and Schaaf as Vice Mayor [ECF 43 at 1], but the precise titles and roles of these defendants are not material to the Court's recommendations herein.

2022). Nevertheless, a court should dismiss a claim with prejudice when it finds that it would be futile to allow the plaintiff to amend that claim. *Id.* at 1027.

## III.    ANALYSIS

Title VII makes it unlawful for an employer to discriminate against an employee on the basis of race, among other things. *See* 42 U.S.C. § 2000e-2(a)(1). Under long-standing Tenth Circuit precedent, however, supervisors and employees are not personally liable for violations of Title VII. *Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007) (citing *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996)). And while a plaintiff may assert a claim against a supervisor or employee in his or her *official* capacity, doing so is considered only a "procedural mechanism" for suing the employer under agency theory. *Lewis v. Four B Corp.*, 211 F. App'x 663, 665 n.2 (10th Cir. 2005); *see also Sauers v. Salt Lake Cnty.*, 1 F.3d 1122, 1125 (10th Cir. 1993) (citation omitted). Thus, if a plaintiff has already asserted Title VII claims directly against the employer in its own name, additionally naming an individual employee or supervisor is "superfluous." *Lewis*, 211 F. App'x at 665 n.2.

Similarly, the ADEA makes it unlawful for an employer to discriminate against an employee on the basis of age. 29 U.S.C. § 623. And just as the Tenth Circuit limits Title VII liability to the employer, it likewise limits ADEA liability. *See id.*; *Fuller v. Kan. Dep't of Children & Families*, 805 F. App'x 601, 604–05 (10th Cir. 2020) (drawing on Title VII cases to conclude that a plaintiff cannot maintain an ADEA claim against a supervisor or fellow employee in his or her individual capacity, but only against the employer).

Here, the Amended Complaint does not specify whether Plaintiff's Title VII and ADEA claims are asserted against DeYoung, Bonaguidi, and Schaaf in their individual or official capacities. *See* ECF 16. To the extent the claims are asserted against the individual Defendants in

their *individual* capacities, the claims are untenable and must be dismissed. *See Williams*, 497 F.3d at 1083 n.1; *Fuller*, 805 F. App'x at 605. Equally, to the extent they are asserted against the individual City Defendants in their *official* capacities, the claims should likewise be dismissed. Official capacity Title VII and ADEA claims amount to claims against the employer, *see Lewis*, 211 F. App'x at 665 n.2, and Plaintiff has already asserted the same claims directly against his employer that he asserts against Defendants DeYoung, Bonaguidi, and Schaaf. *See* ECF 16. In short, it is unnecessary and redundant for Plaintiff to bring Title VII and ADEA claims against the individual City Defendants in their official capacities. *See Morgan v. Cmty. Against Violence*, No. 23-cv353-WPJ/JMR, 2023 WL 6976510, at * 4 (D.N.M. Oct. 23, 2023).

In response to the Motion, Plaintiff insists that the individual Defendants named in his Amended Complaint "are culpable in the decision to unlawfully terminate [his] employment with the City." ECF 43 at 2. In support, he attaches an affidavit and other materials that he contends "clearly define[] . . . the culpability of JM DeYoung, Louie Bonagudi [sic] and Michael Schaaf." *Id.* at 3. Even if the Court were to look beyond the pleadings to consider Plaintiff's affidavit and materials,[4] it would not salvage his Title VII and ADEA claims against the individual Defendants. At most, Plaintiff avows that during his employment with the City, he relied upon the individual Defendants, whom he identifies as members of the New Mexico League of Municipalities, to "faithfully and without violations of Title VII and all other federal and state laws stated in the 'Personal Responsibilities of Municipal Elected Officials' . . . adhere to these laws and employment standards." *Id.* at 5 ¶ 2. But critically, Plaintiff points to no authority that would

---

[4] "Reversible error may occur . . . if the district court considers matters outside the pleadings but fails to convert the motion to dismiss into a motion for summary judgment." *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378 (10th Cir. 1998) (citation omitted). "Such error is harmless if the dismissal can be justified under Fed. R. Civ. P. 12(b)(6) standards without consideration of the matters outside the pleadings." *Id.* (citation omitted). Because the affidavit and other materials on which Plaintiff relies do not affect the viability of his claims against the individual City Defendants, the Court declines to convert the motion into one for summary judgment.

suggest an employee's membership in an organization requiring compliance with federal employment laws somehow confers on that employee personal liability under Title VII or the ADEA. *See* ECF 43. Unequivocal Tenth Circuit law suggests otherwise. *See Williams*, 497 F.3d at 1083 n.9; *Fuller*, 805 F. App'x at 605. Moreover, Plaintiff makes no effort to distinguish the authority cited by Defendants in support of their Motion. Indeed, Plaintiff offers no valid grounds under which his claims against Defendants DeYoung, Bonaguidi and Schaaf could be considered cognizable.

Although Plaintiff broadly "request[s] permission of the [C]ourt to amend his complaint to cure any perceived deficiencies" [ECF 43 at 4], this request is made within his response to a motion to dismiss and without identifying any grounds for a proposed amendment. *See Calderon v. Kan. Dep't of Soc. & Rehab. Servs*., 181 F.3d 1180, 1186–87 (10th Cir. 1999) (observing that a "bare request in . . . [a] response to a motion to dismiss 'that leave be given to Plaintiffs to amend their Complaint'" is insufficient) (citing *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989)). Moreover, the Court must consider whether any proposed amendment would be futile. *See Seale*, 32 F.4th at 1027. Given the settled nature of Tenth Circuit law on the issue of personal lability under Title VII and the ADEA, any attempt by Plaintiff to amend his complaint for the purpose of asserting employment discrimination claims against the individual Defendants would no doubt be futile.

## IV.    CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the Motion to Dismiss of Defendants JM DeYoung, Louie Bonaguidi, and Michael Schaaf [ECF 19–20] be **GRANTED** and Plaintiff's claims against these individually-named City Defendants be **DISMISSED WITH PREJUDICE.**

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE