UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KENNETH E. COOPER,

      Plaintiff,

v.                                                        Civ. No. 1:24-504 MIS/GJF

CITY OF GALLUP,

      Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR CONTINUANCE

THIS MATTER is before the Court on Plaintiff's Motion for Continuance ("Motion"), filed on June 26, 2025. ECF 73. Defendant City of Gallup ("the City") filed a response in opposition to the Motion. ECF 75. Plaintiff did not file a reply, and the time for doing so has now passed. *See* D.N.M.LR-Civ. 7.4(a) ("A reply must be served and filed within fourteen (14) calendar days after service of the response."); D.N.M.LR-Civ. 7.1(b) ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete."). For the reasons that follow, the Motion is not well taken and will be denied.

Plaintiff's Motion seeks an extension until July 28, 2025, to move to amend his complaint. ECF 73. He offers the following reasons for this request: (1) he "has been continuously seeking legal representation"; and (2) he "engaged an attorney, however that attorney [was] not able to follow up consult with [him] until June 30, 2025." *Id*.

For its part, the City opposes the Motion on the basis that it was untimely and fails to articulate sufficient grounds for the requested extension. *See* ECF 75. First, the City observes that the Court's May 6, 2025 Scheduling Order imposed on Plaintiff a deadline of June 25, 2025, to

move to amend pleadings. *Id.* (citing ECF 61). Because Plaintiff did not file his Motion for Continuance until the day *after* that deadline, the City insists the Motion is untimely. The Court agrees.

Second, the City insists that Plaintiff fails to demonstrate excusable neglect. *See* ECF 75 at 2. Under Federal Rule of Civil Procedure 6, "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "[E]xcusable neglect under Rule 6(b) is a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380, 392 (1993) (quotation marks omitted). "[T]he determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* at 395. Such circumstances include:

> (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for the delay which includes [sic] "whether it was within the reasonable control" of the party seeking to show excusable neglect; and (4) whether the party acted in good faith.

*Utah Repub. Party v. Herbert*, 678 F. App'x 697, 701 n.2 (10th Cir. 2017). Relatedly, when a party seeks to modify a scheduling order, the Court must also determine whether "good cause" exists to support the requested modification. *See* Fed. R. Civ. P. 16(b)(4). To demonstrate "good cause" under Rule 16(b)(4), the movant must show that the "scheduling deadlines [could not] be met despite [the movant's] diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal citation and quotation omitted).

Plaintiff filed his original *pro se* Complaint over a year ago, on May 21, 2024. ECF 1. With the assistance of counsel, he amended his complaint on September 13, 2024. *See* ECF 16. Since that time, Plaintiff's counsel withdrew from this case on account of being suspended by the New

Mexico State Bar [*see* ECFs 26; 27], and Plaintiff has made **five** requests to delay his case, all but two of which so that he could obtain alternate legal counsel. *See* ECFs 26; 35; 44; 45; 73. After granting Plaintiff an initial stay of over three months to seek substitute legal counsel [*see* ECFs 30; 36], the Court lifted the stay, denied subsequent requests for continuance, and admonished Plaintiff that he was deemed to be appearing *pro se*. *See* ECF 49. In his fifth and most recent request for a continuance, Plaintiff reports that he had a "follow up consult" with an attorney he "ha[d] engaged" on June 30, 2025. *See* ECF 73. And yet, no attorney has entered an appearance on Plaintiff's behalf. That Plaintiff has not retained alternate legal counsel in the eight months since his attorney withdrew suggests either that he will be unable to do so or that he has not made adequate efforts to do so. Beyond the prospect of obtaining new legal counsel, Plaintiff offers no other explanation for why he was unable to move to amend his complaint within the applicable deadline.

Balancing the relevant factors and considerations, the Court concludes that Plaintiff has failed to demonstrate excusable neglect or good cause to extend the amendment deadline imposed in the Court's scheduling order. Although Plaintiff does not supply a proposed amended complaint for the Court's consideration, and instead merely moves to extend the deadline for moving to amend, any forthcoming amended complaint would no doubt have a domino effect on other pretrial deadlines and jeopardize a timely resolution of this matter. In the absence of any showing that Plaintiff's amendment deadline could not be met despite his diligent efforts and given the potential for prejudice to the other parties if this matter were further delayed, the Court declines to extend Plaintiff's amendment deadline as requested.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Continue [ECF 73] is **DENIED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE