UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KENNETH E. COOPER,

    Plaintiff/Counterclaim-Defendant,

v.                                                                                             Civ. No. 1:24-504 MIS/GJF

CITY OF GALLUP,

    Defendant/Counterclaimant,

and

CITY OF GALLUP,

    Third-Party Plaintiff,

v.

REACHING HIGHER SOLUTIONS, LLC,
a/k/a REACHING HIGHER HR SOLUTIONS, LLC,
d/b/a MERCER GROUP ASSOCIATES,

    Third-Party Defendant.

## ORDER GRANTING MOTION TO COMPEL

THIS MATTER is before the Court on Defendant City of Gallup's ("Defendant's") Motion to Compel and Deem Requests for Admission Admitted ("Motion to Compel") [ECF 80], filed July 28, 2025. Plaintiff failed to respond by the applicable deadline or in the almost two weeks since its expiration, and the Motion is now considered fully briefed. *See* ECF 84. For the reasons that follow, the Court **GRANTS** the Motion.

**I.     BACKGROUND**

Plaintiff filed his original *pro se* Complaint on May 21, 2024 [ECF 1], and his Amended Complaint, with the assistance of counsel, on September 13, 2024 [*see* ECF 16]. Plaintiff's counsel then withdrew from this case in November 2024, on account of being suspended by the New

Mexico State Bar. *See* ECFs 26; 27. Since that time, and despite Plaintiff's efforts to obtain alternate counsel, he has been proceeding *pro se*. *See* ECFs 27; 37; 79. In light of his *pro se* status, the Court has advised him of his obligation to comply with the Federal Rules of Civil Procedure and the Local Rules. *See, e.g.*, ECF 60; 74.

In its Initial Scheduling Order, the Court ordered the parties to make initial disclosures in accordance with Federal Rule of Civil Procedure 26(a)(1). ECF 39. On April 28, 2025, Plaintiff provided revised initial disclosures to Defendant but omitted a computation of damages, a list of medical providers, and authorizations for medical records. *See* ECF 80, Ex. A. Defendant noted these deficiencies in a June 12, 2025 letter to Plaintiff, but Plaintiff neither responded to the letter nor supplemented his revised initial disclosures. ECF 80, Ex. B; ECF 80 at 2 ¶ 4.

Prior to the Initial Scheduling Conference, Plaintiff conferred with opposing counsel and agreed to the discovery amounts and case management deadlines proposed in the Joint Status Report and Provisional Discovery Plan ("JSR"), which were ultimately adopted by the Court in its Scheduling Order. ECF 58. Those agreed-to amounts and deadlines included a maximum of 20 interrogatories, 40 requests for admission, and 30 requests for production from each side to other sides and a November 6, 2025 discovery deadline. ECFs 58; 61. Approximately a month after the Court entered its Scheduling Order, Defendant propounded on Plaintiff its First Set of Interrogatories, First Set of Requests for Production, and First Set of Requests for Admissions. ECF 80, Ex. C. Plaintiff did not respond to Defendant's discovery requests, however, nor did he respond to Defendant's July 16, 2025 letter addressing his failure to provide discovery responses. ECF 80, Ex. D; Ex. 80 at 3 ¶ 7. Not surprisingly, the instant Motion to Compel followed. ECF 80.

Based on the applicable rules, Plaintiff had no later than August 14, 2025, to respond to the

Motion to Compel. *See* D.N.M. LR-Civ. 7.4(a) ("A response must be served within fourteen (14) calendar days . . . [and t]hese time periods are computed in accordance with Fed. R. Civ. P. 6(a) and (d)"); Fed. R. Civ. P. 6(a) and (d) (providing days that are excluded from the computation of time and allowing an additional three days after the period would otherwise expire when service is by mail). But no response was filed by that date, and Defendant has now filed a Notice of Completion of Briefing [ECF 84]. Pursuant to Local Rule, Plaintiff's failure to respond to the Motion to Compel constitutes consents to grant the motion. *See* D.N.M. LR-Civ. 7.1(b).

## II.   LEGAL STANDARDS

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Under Federal Rule of Civil Procedure 37(a)(3)(A), a party may move to compel initial disclosures and for appropriate sanctions. Likewise, under Federal Rules of Civil Procedure 37(a)(3)(B)(iii) and (iv), if a party fails to answer an interrogatory or a request for production, the party who propounded the discovery may move for an order to compel. And unless the non-responding party can show substantial justification or injustice, the Court "*must* require" that party to pay the movant's reasonable expenses, including attorney's fees, incurred by their failure to respond. Fed. R. Civ. P. 37(d)(1)(A)(ii), (d)(3) (emphasis added).

As for requests for admission, Federal Rule of Civil Procedure 36(a)(3) provides that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is

3

directed serves on the requesting party a written answer or objection."

## III. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), Plaintiff was required to provide as part of his initial disclosures "a computation of each category of damages claimed" and to "make available for inspection and copying as under Rule 34 the documents or other evidentiary material . . . on which each computation is based." Relatedly, because he reserved the right to seek damages for medical expenses [*see* ECF 80, Ex. A, at 7], Plaintiff was also required to provide with his initial disclosures the "name, address and phone number of any healthcare provider," together with "all records of such healthcare providers which are already in [his] possession" and "a signed authorization to release medical records form, as set forth in Appendix 'A[,]'" for each healthcare provider. D.N.M. LR-Civ. 26.3(d). As such, the Court will order Plaintiff to supplement his revised initial disclosures to fully comply with both Federal Rule of Civil Procedure 26(a)(1)(A)(iii) and Local Rule 26.3(d). To the extent Plaintiff fails to so comply, he risks being prohibited from relying on undisclosed information to support his claims. *See* Fed. R. Civ. P. 37(c)(1).

Under the Federal Rules of Civil Procedure, Plaintiff was also required to respond or object to Defendant's written discovery requests within 30 days after being served. *See* Fed. R. Civ. P. 33 (b); Fed. R. Civ. P. 34(b)(2)(A); Fed. R. Civ. P. 36(a)(3). Plaintiff failed to offer any justification, much less *substantial* justification, for his failure to respond to Defendant's discovery requests. As such, the Court will order Plaintiff to respond to Defendant's First Set of Interrogatories and First Set of Requests for Production, *see* Fed. R. Civ. P. 37(a)(3)(B), and will deem admitted Defendant's First Set of Requests for Admissions, *see* Fed. R. Civ. P. 36(a)(3).

In addition, the Federal Rules of Civil Procedure authorize the Court to order sanctions on

4

a party that has been "properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, [but] fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Indeed, the applicable rule employs the imperative: "the court *must* require" the payment of "reasonable expenses, including attorney's fees" caused by the failure to respond to discovery requests. Fed. R. Civ. P. 37(d)(3) (emphasis added). Because there is no indication that Plaintiff's failure to respond was substantially justified or that circumstances make the imposition of Rule 37(d) sanctions unjust, the Court will order Plaintiff to pay Defendant's costs and attorney's fees incurred in filing the Motion to Compel.

Although Plaintiff is proceeding *pro se*, he bears the same obligation to respond to discovery requests as counseled litigants. *See Williams v. Valencia County Sheriff's Office*, 33 F. App'x 929, 932 (10th Cir. 2002) ("Plaintiff's *pro se* status does not excuse her obligation to comply with the fundamental requirements of the Federal Rules of Civil [P]rocedure."). Moreover, the Court admonishes Plaintiff that continued discovery violations, including failure to comply with this Order, may serve as the basis for a dismissal of his claims. Fed. R. Civ. P. 37 (b)(2)(A)(v), (d)(3) (stating that a party who fails to "obey an order to provide or permit discovery" may be subject to dismissal of "an action or proceeding in whole or in part"); *see also Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992). Again, the Court emphasizes that Plaintiff must abide by the Federal Rules of Civil Procedure and the Local Rules despite his *pro se* status. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (observing that *pro se* plaintiffs must "follow the same rules of procedure that govern other litigants" (internal quotation marks omitted)).

**IV.   CONCLUSION**

For the reasons stated above, **IT IS ORDERED** that Defendant City of Gallup's Motion to

Compel and to Deem Requests for Admission Admitted [ECF 80] is **GRANTED** as follows**:**

    **(1)** Plaintiff shall supplement his revised initial disclosures to include "a computation of each category of damages claim" pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iii), as well as the "name, address and phone number of any healthcare provider," together with "all records of such healthcare providers which are already in [his] possession," and a "signed authorization to release medical records forms, as set forth in Appendix 'A'" for each healthcare provider pursuant to Local Rule 26.3(d);

    **(2)** Plaintiff shall serve Defendant with his responses to its First Set of Interrogatories and First Set of Requests for Production no later than **September 8, 2025;**

    **(3)** Defendant's First Set of Requests for Admissions on Plaintiff are **DEEMED ADMITTED** pursuant to Federal Rule of Civil Procedure 36(a); and

    **(4)** Defendant's request for costs and attorney's fees pursuant to Federal Rule of Civil Procedure 37(a)(5) is **GRANTED** and, accordingly, Defendant shall submit to the Court a detailed summary of the taxable costs and attorney's fees incurred in filing the Motion to Compel no later than **September 4, 2025**. The Court will permit Plaintiff one week – **until September 11, 2025** – to file any objection to the number of hours claimed by Defendant's counsel or their hourly billing rate. There shall be no further briefing on the issue.

    **SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE